# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 09-cv-00813-REB

JACK L. LARSON,

    Applicant,

v.

J.M. WILNER, Warden, FCI Florence,

    Respondent.
_____

# ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS
_____

**Blackburn, J.**

The matter before me is applicant's **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("Application") [#2] filed April 9, 2009. I deny the motion.

## I. FACTS

Applicant is an inmate at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence"). (**Application** at 1.) Applicant pled guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(A) in the United States District Court for the District of Idaho and was sentenced to a seventy-seven month sentence of incarceration and an eight-year term of supervised release. (**Id.** at 6-7.) Also pertinent here, he has a prior conviction for aggravated assault. (**See Response to Order To Show Cause** at 3 [#13], filed June 12, 2009; **id.** App., Exh. A ¶ 18.)

Applicant was initially incarcerated at the Federal Correctional Institution in Sheridan, Oregon. While at FCI-Sheridan, he requested to participate in the Bureau of

Prisons' ("BOP") five-hundred hour Residential Drug Abuse Program ("RDAP").[1]
(**Application** at 2.) Following a review of his file and an interview with Psychology Services staff, Applicant was determined eligible for RDAP.[2] (*Id.* at 5 & App., Exh. A 15; **Response** App., Exh. A ¶ 10.) He received an RDAP "Notice to Inmate," which noted also that he was "provisionally eligible for early release consideration." (**Application** App., Exh. A at 15.) The Notice further stated that,

> I understand that a determination of early release for me is <u>provisional, may change</u>, and depends on continued positive behavior and successful participation in all components of the program, including transitional services.

(*Id.* (emphasis in original).) Because FCI-Sheridan did not offer RDAP, Applicant subsequently was transferred to FCI-Florence. (**Response** at 5 & App., Exh. A ¶ 17.)

In reviewing Applicant's file following the transfer, Robert Krick, the Drug Abuse Program Coordinator at FCI-Florence, noticed that Applicant had a prior conviction for aggravated assault, which rendered him ineligible for early release under RDAP pursuant to 28 C.F.R. § 550.58(a)(1)(iv),[3] and legal staff subsequently confirmed that detrmination. (**Response** App., Exh. A ¶ 18.) Applicant was informed that although he qualified for participation in RDAP, he was not eligible for early release due to his prior

---

[1] RDAP is a program through which certain federal inmates can receive various incentives for successfully completing a drug abuse treatment program. 18 U.S.C. § 3621(e).

[2] RDAP is available to any inmate who meets the diagnostic criteria for substance abuse or dependence set forth in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, TR, (DSM-IV-TR), and who has written verification that confirms this diagnosis. However, certain categories of inmates are not eligible for the early release incentive. An inmate may participate in RDAP if he meets the above criteria, regardless of eligibility for the early release incentive. (*See* **Response** App., Exh. A ¶ 7.)

[3] Although section 550.58(a)(1)(iv) was recently revised and reissued, *see* 28 C.F.R. § 550.55 (effective March 16, 2009), Applicant's eligibility for early release was reviewed under the prior regulation. Both regulations include aggravated assault as a precluding offense.

aggravated assault conviction. (*Id.*, Exh. B at 16.)  Applicant subsequently began RDAP at FCI-Florence on February 17, 2009.  (*Id.* at 6; Exh. A ¶ 22.)

## II.  STANDARD OF REVIEW

Because Applicant is proceeding *pro se*, I must construe his filings liberally and hold them to a less stringent standard than those draft by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, *pro se* litigants must follow the same procedural rules that govern parties represented by counsel.  ***Nielson v. Price***, 17 F.3d 1276, 1277 (10th Cir. 1994).  Moreover, the court is not the *pro se* litigant's advocate and should not "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf."  ***Whitney v. State of New Mexico***, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (alterations added).

Pursuant to well-established caselaw, I am without authority to review the BOP's substantive decision regarding Applicant's eligibility for placement in RDAP.  Instead, I only may determine whether the BOP exceeded its statutory authority in applying 18 U.S.C. § 3621(e)(2).  ***See Redmon v. Wiley***, 349 Fed. Appx. 251, 256 (10th Cir. Oct. 13, 2009); ***Hunnicutt v. Hawk***, 229 F.3d 997, 1000 (10th Cir. 2000).

## III.  ANALYSIS

Applicant's central thesis is essentially that Respondent is estopped from revoking the determination of Applicant's provisional eligibility for early release, even though made in error, because Applicant now has "settled expectations" of early release.  He seeks reinstatement of his eligibility for the one-year sentence reduction and reduction of his term of supervised release by two years.  Respondent counters that

3

the Application should be denied because an inmate is eligible for early release only if he meets the statutory and regulatory criteria, regardless of an erroneous provisional eligibility determination by a BOP employee.

Pursuant to section 3261(e), the BOP has discretion to determine a prisoner's eligibility for early release following successful completion of RDAP. 18 U.S.C. § 3621(e)(2)(B) (stating that the "period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve"). More than this, even if an inmate completes the drug treatment program, the BOP is not required to grant early release. *See Lopez v. Davis*, 531 U.S. 230, 240-41, 121 S.Ct. 714, 722, 148 L.Ed.2d 635 (2001) (finding significant Congress's use of "may" rather than "shall" in section 3621(e)); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000) (noting that section 3621(e)'s language is permissive and does not guarantee eligible inmates from early release). The BOP may exclude inmates from early release categorically or on a case-by-case basis. *Lopez*, 121 S.Ct. at 722.

The BOP's regulations exclude certain categories of inmates from early release eligibility, including inmates who have a prior felony or misdemeanor conviction for, among other crimes, aggravated assault. 28 C.F.R. §§ 550.55(b)(4) & 550.58(a)(1); **BOP Program Statement** No. 5330.10 (October 9, 1997). There is no dispute that, even though Applicant was classified as provisionally eligible for early release consideration, given his conviction for aggravated assault, that classification was erroneous. Applicant does not dispute that the statute and accompanying regulations

4

preclude him from RDAP eligibility, but asserts that the BOP now cannot revoke its finding of eligibility status.

There are several difficulties with this estoppel-type argument. First, I disagree with Applicant's apparent assumption that he was definitively classified as eligible for early release. the BOP determined only that Applicant was "*provisionally* eligible for early release consideration." (**Application** App., Exh. A at 15 (emphasis added).) A provisional determination of eligibility is hardly ground for a settled expectation of entitlement to the provisional benefit. Moreover, Applicant was on actual notice as to his ineligibility. The RDAP Notice to Inmate expressly states that an inmate is not eligible if he has "any prior felony or misdemeanor adult conviction for . . . aggravated assault[.]" (*Id.*, Exh. A at 26.) In addition, erroneous *vel non*, mere eligibility to be considered for a sentence reduction under section 3621 "does not require the Bureau to grant the boon [the prisoner] seeks. Eligibility is not entitlement." **Minnema v. Pitzer**, 1998 WL 255101 at *2 (7th Cir. May 15, 1998) (citation and internal quotation marks omitted). Even after an inmate completes RDAP, the BOP retains full discretion to permit or deny a sentence reduction. **See id.** Finally, because Congress has stated clearly that inmates convicted of violent crimes are ineligible for early release pursuant to section 3621(e), applying estoppel principles in this case would clearly frustrate the will of Congress. **Whipple v. Herrera**, 69 F.Supp.2d 1310, 1319 (D. Colo. 1999).[4]

Nor does the provisional determination of Applicant's eligibility offend procedural

---

[4] Applicant's reliance on the district court's decision in **Harris v. Daniels**, 466 F.Supp.2d 1239 (D. Or. 2006), is misplaced. The applicant in **Harris** already had commenced RDAP when he was informed of the erroneous eligibility determination. *Id.* at 1240. Clearly, that factual scenario is distinguishable from this one.

5

due process under the facts of this case. Procedural due process protects the individual against arbitrary government action. **Wolff v. McDonnell**, 418 U.S. 539, 558, 94S.Ct. 2963, 2976, 41 L.Ed.2d 935(1974). To demonstrate a violation of his procedural due process rights, Applicant must establish that (1) he possesses a protected liberty or property interest; and (2) the procedures utilized in his circumstances were inadequate. **See Hennigh v. City of Shawnee**, 155 F.3d 1249, 1253 (10th Cir. 1998). In addition, in the specific context of prisoners, the overarching issue is "whether the [deprivation] complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.'" **Cosco v. Uphoff** 195 F.3d 1221, 1224 (10th Cir. 1999) (quoting **Sandin v. Conner**, 515 U.S. 472, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995)), **cert. denied**, 121 S.Ct. 784 (2001).

Applicant cannot show either that denial of eligibility for early release creates a significant and atypical deprivation or indeed, that he has any protectible due process interest at all. With respect to the former standard, "[t]he denial of [Applicant's] eligibility does not impose a punishment qualitatively different from the punishment characteristically suffered by a person convicted of crime. The BOP's determination means only that [Applicant] will serve the remainder of his original sentence under typical circumstances." **Richardson v. Joslin**, 501 F.3d 415, 419-20 (5th Cir. 2007) (citation and internal quotation marks omitted). **See also Jacks v. Crabtree**, 114 F.3d 983, 986 n.4 (9th Cir. 1997); **Smith v. Sniezek**, 2007 WL 642017 at *4 (N.D. Ohio Feb. 27, 2007); **Hickerson v. Willingham**, 2006 WL 3422186 at *3 (D. Conn. Nov.28, 2006).

6

This fact alone dooms his Application.

Moreover, Applicant has not asserted a protectible liberty interest in participation in the RDAP or early release thereunder. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." ***Greenholtz v. Inmates of Nebraska Penal & Correctional Complex***, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). ***See also Marshall v. United States***, 414 U.S. 417, 421-22, 94 S.Ct. 700, 704m 38 L.Ed.2d 618 (1974) (upholding lower court conclusion that "there is no 'fundamental right' to rehabilitation from narcotics addiction at public expense after conviction of a crime"). More specifically, "[j]ust as a prisoner does not possess a constitutional right to a reduction of a valid sentence, a prisoner does not possess a constitutional right to retain provisional eligibility for the reduction of a valid sentence." ***Royal v. Scibana***, 309 Fed. Appx. 284, 287 (10th Cir. Feb.3, 2009) (internal citation omitted). Applicant therefore lacks any cognizable liberty interest in early release pursuant to 18 U.S.C. § 3621(e). ***Fristoe v. Thompson***, 144 F.3d 627, 630 (10th Cir. 1998); ***Martinez v. Davis***, 2010 WL 537825 at *1 (D. Colo. Feb. 12, 2010). ***See also***, ***Richardson***, 501 F.3d at 419-20; ***Dozier v. Daniels***, 139 Fed. Appx. 902, 903 (9th Cir. July 21, 2005); ***Trobaugh v. Hawk,*** 19 Fed. Appx. 461, 462 (8th Cir. Sept. 21, 2001), ***cert. dismissed***, 122 S.Ct. 1217 (2002); ***Cook v. Wiley***, 208 F.3d 1314, 1322-23 (11th Cir. 2000); ***Sesi v. United States Bureau of Prisons***, 2000 WL 1827950 at *2 (6th Cir. Dec. 7, 2000).

Nor does Applicant have a cognizable property interest in participation in RDAP. "To have a property interest in a benefit, a person clearly must have more than an

7

abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." ***Board of Regents of State Colleges v. Roth***, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). For interests alleged created by statute or rule, such an interest arises only when "the regulatory language is so mandatory that it creates a right to rely on that language thereby creating an entitlement that could not be withdrawn without due process." ***Cosco***, 195 F.3d at 1223. Given the BOP's broad discretion in granting sentence reductions even for candidates who are eligible for early release and successfully complete RDAP, no cognizable property interest is implicated, either. ***See Richardson***, 501 F.3d at 420.[5]

**THEREFORE, IT IS ORDERED** that the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#2] filed April 9, 2009, is **DENIED**.

Dated July 22, 2010, at Denver, Colorado

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[5] Respondent also suggests that the Application cannot be sustained on a breach of contract theory. To the extent such a claim implicates constitutional concerns cognizable under 28 U.S.C. § 2241 at all, ***see Royal v. Tombone***, 141 F.3d 596, 604 (5th Cir. 1998), it has been rejected by the Tenth Circuit in any event, ***Seacrest v. Gallegos***, 30 Fed. Appx. 755, 756 (10th Cir. Jan. 25, 2002).